**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | | |
|---|---|---|
| In re:<br><br>DANIEL M. FRANKLIN<br>CHELSEY A. FRANKLIN,<br><br>Debtors. | ) | Case No. 25-14708 JGR<br>Chapter 11 |
| DANIEL M. FRANKLIN<br>CHELSEY A. FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>255 ST. PAUL OWNER LLC,<br><br>Defendant. | ) | Adv. Proc. No. |

**COMPLAINT**

Plaintiffs Daniel Franklin and Chelsey Franklin, chapter 11 debtors-in-possession, by and through undersigned counsel, for their Complaint, state and allege as follows:

**JURISDICTION AND VENUE**

1. The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and (e) and 28 U.S.C. § 157(a).

2. This proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (F).

3. Venue in this district is proper under 28 U.S.C. § 1409(a).

4. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure.

5. Pursuant to Fed.R.Bankr.P. 7008, Plaintiff consents to entry of final orders or judgment by the Bankruptcy Court.

## GENERAL ALLEGATIONS

6. Daniel Franklin and Chelsey Franklin ("Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") on July 28, 2025 (the "Petition Date") and are acting as debtors-in-possession under 11 U.S.C. §§ 1107(a) and 1108.

7. Defendant 255 St. Paul Owner LLC ("Defendant"), is a Delaware corporation with a principal place of business of 3953 Maple Avenue, Suite 300, Dallas, Texas 75219.

8. According to Debtors's Statement of Financial Affairs, and as reflected in the Debtors' financial records, Defendant received a payment from the Debtors prior to the Petition Date on June 15, 2025, in the amount of $100,781.76 (the "Transfer").

9. Based on reasonable due diligence and considering the Defendant's reasonably knowable affirmative defenses under 11 U.S.C. § 547(c), the Debtor asserts that the Transfer is avoidable.

## FIRST CLAIM FOR RELIEF
**(Avoidable transfer under 11 U.S.C. § 547(b))**

10. The Debtors incorporate by this reference the allegations contained in Paragraphs 1 through 9 above as though more fully set forth in this Claim for Relief.

11. The Transfer is a "transfer" as that term is defined in Section 101(54) of the Bankruptcy Code.

12. The Transfer was made to or for the benefit of Defendant.

13. At the time of the Transfer, Defendant was a creditor of the Debtors.

14. The Transfer was made for or on account of an antecedent debt owed by the Debtors before such transfer was made.

15. The Transfer was made while the Debtors were insolvent.

16. The Transfer was made on or within ninety days before the Petition Date.

17. The Transfer enabled Defendant to receive more than Defendant would receive if (a) the Debtors' case were a case under Chapter 7 of the Bankruptcy Code; (b) the transfer had not been made; and (c) Defendant received payment of the purported debt owed by the Debtors to the extent provided by the provisions of the Bankruptcy Code.

WHEREFORE, the Debtors respectfully requests that the Court enter judgment in their favor and against Defendant as follows: (a) avoiding the Transfer pursuant to 11 U.S.C. § 547(b) and (b) granting such other relief as the Court deems appropriate.

**SECOND CLAIM FOR RELIEF**
**(Recovery of avoided transfer under 11 U.S.C. § 550(a))**

18. The Debtor incorporates by this reference the allegations contained in Paragraphs 1 through 17 above as though more fully set forth in this Claim for Relief.

19. Defendant is the initial transferee of the Transfer.

20. Accordingly, under 11 U.S.C. § 550(a), if the Transfer is avoided pursuant to 11 U.S.C. § 547(b), the Debtors are entitled to recover the funds from Defendant as the initial transferee.

WHEREFORE, the Debtors respectfully request that the Court enter judgment in their favor and against Defendant (a) in the principal amount of $100,781.76 pursuant to 11 U.S.C. § 550(a) and (b) granting such other relief as the Court deems appropriate.

Dated this 6th day of November, 2025.

Respectfully submitted,

WADSWORTH GARBER WARNER CONRARDY, P.C.

*/s/ David V. Wadsworth*
David V. Wadsworth, #32066
2580 West Main Street, Suite 200
Littleton, Colorado 80120
Phone: (303) 296-1999/Fax: (303) 296-7600
dwadsworth@wgwc-law.com