**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Joseph G. Rosania, Jr.

| | |
|---|---|
| In re:<br><br>DANIEL MATTHEW FRANKLIN,<br>CHELSEY ANN FRANKLIN,<br><br>Debtors. | Case No. 25-14708-JGR<br>Chapter 11 (Subchapter V) |
| DANIEL MATTHEW FRANKLIN,<br>CHELSEY ANN FRANKLIN,<br><br>Plaintiffs,<br><br>v.<br><br>255 ST. PAUL OWNER, LLC,<br><br>Defendant. | Adv. Pro. No. 25-01328-JGR |

## ORDER

THIS MATTER comes before the Court on the Second Motion to Dismiss Adversary Proceeding (the "Motion"), filed by Defendant 255 St. Paul Owner, LLC ("Defendant") on February 26, 2026 (Doc. 21) and the Response thereto filed by Plaintiffs Daniel and Chelsey Franklin ("Plaintiffs") on March 12, 2026 (Doc. 23). For the reasons set forth below, the Court denies the Motion.

## Procedural History

Plaintiffs filed their voluntary petition under chapter 11 subchapter V on July 28, 2025 (25-14708-JGR, Doc. 01). This Adversary Proceeding was commenced on November 6, 2025, seeking to avoid a June 15, 2025 payment made by the Plaintiffs to the Defendant in the amount of $100,781.76 as a preferential transfer pursuant to 11 U.S.C. §§ 547(b) and 550(a) (Doc. 01). Defendant was granted three extensions of time to file an answer to the complaint (Docs. 08, 11, 14). On January 30, 2026, Defendant moved to dismiss the complaint (Doc. 18). In response, Plaintiffs filed an Amended Complaint on February 12, 2026 (Doc. 19).

Defendant filed the Motion requesting dismissal of the Amended Complaint on February 26, 2026 (Doc. 21).  Plaintiffs filed their Response thereto on March 12, 2026 (Doc. 23).

In the Motion, Defendant argues: (i) that the Amended Complaint fails to plead facts satisfying § 547(b)'s reasonable due diligence requirement, (ii) that the § 550(a) claim fails if the § 547(b) claim fails, and (iii) it is entitled to a more definite statement.

Plaintiffs respond that the Amended Complaint added factual allegations addressing the arguments in the first motion to dismiss and that their personal knowledge of the payment, the source of funds, the guaranty obligation, and the circumstances of the transfer are sufficient to satisfy the due diligence pleading requirement under § 547(b) in this action.

## Jurisdiction

The Court has subject matter jurisdiction under 28 U.S.C. § 1334.  This adversary proceeding seeks avoidance and recovery of an alleged preference and is a core proceeding under 28 U.S.C. § 157(b)(2)(F).  Venue is proper under 28 U.S.C. § 1409.

The Amended Complaint states that Plaintiffs consent to entry of final orders or judgment by this Court.  Defendant states that it does not consent if the Court lacks constitutional authority absent consent and represents that it has not filed a proof of claim.

An order denying a motion to dismiss is interlocutory and does not finally adjudicate the parties' claims. Because this order denies dismissal and does not enter final judgment, the Court may enter it notwithstanding Defendant's reservation of rights concerning final adjudication.

## Legal Standard

Fed.R.Civ.P. 8(a)(2), made applicable by Fed.R.Bankr.P. 7008, requires a pleading stating a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 12(b)(6), made applicable by Fed.R.Bankr.P. 7012, permits dismissal for "failure to state a claim upon which relief can be granted."

To survive a motion to dismiss under Fed R. Civ. P. 12(b)(6) (as incorporated by Fed.R.Bankr.P. 7012), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. *Morse v. Regents of the Univ. of Colo.,* 154 F.3d 1124, 1126–27 (10th Cir. 1998). However, the Court need not accept legal conclusions as true. *Khalik v. United Air Lines,* 671 F.3d 1188, 1190 (10th Cir. 2012). "Accordingly, in examining a complaint under Rule 12(b)(6), [the Court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* at 1191. The "plausibility" standard requires

2

that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible. *Bryson v. Gonzales,* 534 F.3d 1282, 1286 (10th Cir. 2008).

A claim is considered "plausible" when the complaint contains facts which allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Plausible" does not mean "probable," although the plaintiff must show that its entitlement to relief is more than speculative. *Id.*; *Twombly*, 550 U.S. at 555. "[P]lausibility refers to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotations and citations omitted). However, "Specific facts are not necessary; the [complaint] need only 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (quoting *Twombly,* 550 U.S. at 544). Still, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Tenth Circuit has stated:

> As we have emphasized, "[g]ranting [a] motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice." *Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1276 (10th Cir. 2023) (quoting *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009)) (second alteration in original). We impose a "low bar for surviving a motion to dismiss," *Quintana v. Santa Fe Cnty. Bd. of Comm'rs*, 973 F.3d 1022, 1034 (10th Cir. 2020), and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely," *Id.* (quoting *Dias*, 567 F.3d at 1178).

*Brown v. City of Tulsa*, 124 F.4th 1251, 1264 (10th Cir. 2025).

When evaluating a motion to dismiss, a court may properly consider exhibits attached to the complaint, all materials referenced in the complaint, and materials subject to judicial notice. *Pace v. Swerdlow*, 519 F.3d 1067, 1072 (10th Cir. 2008). The court may also consider documents not attached to the complaint or incorporated by reference, but that are "integral to the complaint." *Official Comm. of Unsecured Creditors v. Bay Harbour Master Ltd. (In re BH S&B Holdings LLC)*, 420 B.R. 112, 132 (Bankr. S.D.N.Y. 2009). *See also Tal v. Hogan*, 453 F.3d 1244, 1264-65 n.24 (10th Cir. 2006) ("facts subject to

3

judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment").

The Rule 12(b)(6) inquiry is not an evidentiary inquiry.  The Court does not weigh evidence, resolve factual disputes, decide credibility, or determine whether the plaintiff will ultimately prevail.  The question is whether the Amended Complaint, viewed through the Rule 12(b)(6) lens, is legally sufficient to proceed.  A complaint may survive dismissal even if proof of the alleged facts appears improbable, so long as the well-pleaded allegations raise the right to relief above the speculative level.

When dismissal is sought based on an affirmative defense, dismissal is appropriate only if the defense is apparent from the face of the complaint or from materials the Court may properly consider at the Rule 12(b)(6) stage.  Otherwise, affirmative defenses ordinarily require a developed factual record.  This limitation is especially important where the asserted defense turns on context, course of dealing, value, intent, timing, or other fact-intensive issues.

Defendant alternatively seeks a more definite statement.  Fed.R.Civ.P. 12(e), made applicable by Fed.R.Bankr.P. 7012, permits a party to move for a more definite statement only when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response."  Rule 12(e) is not a substitute for discovery and does not require a plaintiff to plead evidentiary detail if the complaint gives fair notice of the claim and the grounds on which it rests.

A chapter 11 debtor-in-possession has the rights, powers, and duties of a trustee, subject to the limitations stated in 11 U.S.C. § 1107(a), and may operate the debtor's business under 11 U.S.C. § 1108.  Those powers include the ability to pursue avoidance claims available to a trustee, including claims under § 547(b).

## <u>Analysis</u>

### *I.     The Amended Complaint plausibly states a claim under § 547(b).*

Section 547(b) provides that, subject to exceptions not relevant to the motion, a trustee may, based upon reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c), avoid:

"any transfer of an interest of the debtor in property—

(1) to or for the benefit of a creditor;

(2) for or on account of an antecedent debt owed by the debtor before such transfer was made;

(3) made while the debtor was insolvent;

(4) made—

4

(A) on or within 90 days before the date of the filing of the petition; or

(B) between ninety days and one year before the date of the filing of the petition, if such creditor . . . was an insider; and

(5) that enables such creditor to receive more than such creditor would receive if—

(A) the case were a case under chapter 7 of this title;

(B) the transfer had not been made; and

(C) such creditor received payment of such debt to the extent provided by the provisions of this title."

11 U.S.C. § 547(b)(1)–(5).

The Motion focuses on the statutory language requiring that the claim be "based on reasonable due diligence in the circumstances of the case" and account for "known or reasonably knowable affirmative defenses under subsection (c)."  11 U.S.C. § 547(b).

In evaluating the Amended Complaint, the Court accepts well-pleaded factual allegations as true solely for purposes of the motion and does not make findings of fact. The relevant allegations are addressed below as they bear on each element of the asserted preference claim.

The Amended Complaint plausibly alleges a "transfer of an interest of the debtor in property."  11 U.S.C. § 547(b).  It alleges Plaintiffs paid Defendant $100,781.76 on June 15, 2025, and that the payment came from funds belonging to Plaintiffs held in a personal bank account.  That is not merely a statutory recitation; it identifies the alleged source and ownership of the funds.  Accepted as true for present purposes, those allegations plausibly support the transfer of property of the debtor element.

The Amended Complaint plausibly alleges that the transfer was "to or for the benefit of a creditor."  11 U.S.C. § 547(b)(1).  It alleges Defendant is the successor-in-interest to the original landlord under a retail lease for premises at 255 St. Paul Street in Denver, Colorado.  It further alleges Plaintiffs were substituted as personal guarantors of the lease, that RHW CC defaulted under the lease in 2025, that the default triggered Plaintiffs' guaranty obligations, and that Plaintiffs paid Defendant on account of those obligations.  These allegations plausibly support the inference that Defendant held a claim against Plaintiffs at the time of the alleged transfer.

The Amended Complaint plausibly alleges that the transfer was "for or on account of an antecedent debt owed by the debtor before such transfer was made."  11 U.S.C. § 547(b)(2).  It alleges the lease default occurred before the June 15, 2025 payment and triggered Plaintiffs' guaranty obligations.  It also alleges the payment resolved an existing debt and was not given in exchange for contemporaneous new value.  Those allegations plausibly support the antecedent-debt element.

5

The Amended Complaint plausibly alleges that the transfer was "made while the debtor was insolvent."  11 U.S.C. § 547(b)(3).  It alleges Plaintiffs' schedules disclosed assets of $4,981,500, exemptions of $280,900, net scheduled asset value of $4,700,600, and debts of $4,842,322.  It further alleges actual asset value likely was lower than scheduled value.  The Court does not decide insolvency at this stage.  It concludes only that, accepting those allegations as true and drawing reasonable inferences in Plaintiffs' favor, the Amended Complaint plausibly alleges insolvency.

The Amended Complaint plausibly alleges that the transfer was made "on or within 90 days before the date of the filing of the petition."  11 U.S.C. § 547(b)(4)(A).  It alleges a petition date of July 28, 2025 and a transfer date of June 15, 2025.  The Amended Complaint does not allege Defendant was an insider and does not rely on § 547(b)(4)(B).  The dates alleged place the challenged transfer within the 90-day preference period.

The Amended Complaint plausibly alleges the requirement of § 547(b)(5).  The Court does not accept as true the bare statutory conclusion that Defendant received more than it would have received in a chapter 7 case.  But the Amended Complaint alleges Defendant had no lien on any assets owned by Plaintiffs, that Defendant would have had at most an unsecured claim if the transfer had not been made, and that Plaintiffs' scheduled debts exceeded their net scheduled asset value.  Accepting those factual allegations as true at this stage, the Amended Complaint plausibly alleges that payment in full of $100,781.76 before bankruptcy enabled Defendant to receive more than it would have received if "the case were a case under chapter 7," "the transfer had not been made," and Defendant "received payment of such debt to the extent provided by the provisions of this title."  11 U.S.C. § 547(b)(5).

The Defendant argues the Plaintiff failed to specifically allege "based on reasonable due diligence in the circumstances of the case and taking into account a party's known or reasonably knowable affirmative defenses under subsection (c)."  Defendant argues the addition of the language to the introductory paragraph of 11 U.S.C. § 547(b) under the Small Business Reorganization Act of 2019 created a new element that must be pleaded when stating a preference claim.

The prevailing view is the amendment requiring the exercise of "due diligence" was to prevent abuses where chapter 7 trustees, with no knowledge of the facts prior to their appointment, would simply "sue the checkbook" of the debtor without adequately investigating the specific facts underlying each transfer or where so-called "preference mills" file actions based on disbursements made by the Debtor without taking into consideration the nature of the transactions from which the payments arose.  *See* 5 Collier on Bankruptcy ¶ 547.02A (16th 2026).  Courts are split as to whether the added language creates a new element for a preference claim.

Some courts have held that due diligence must be affirmatively pleaded as an element of a preference claim.  *See, e.g., Husted v. Taggart (In re ECS Refin., Inc.)*, 625 B.R. 425, 454 (Bankr. E.D. Cal. 2020) ("[D]ue diligence and consideration of affirmative defenses, is an element of the trustee's prima facie case." (citation omitted)); *In re Pinktoe Tarantula Ltd.*, No. 18-10344 (LSS), 2023 WL 2960894, at *5 (Bankr. D. Del. Apr. 14,

6

2023) (collecting cases and determining "the due diligence requirement is an element of a preference claim, not an affirmative defense").

Other courts look to the allegations of the complaint to determine whether due diligence was exercised by the plaintiff in pursuing the preference claim, taking the alleged facts in the complaint as true and construing them in the light most favorable to the plaintiff. *See e.g. Rebein v. NutriQuest, LLC (In re Sandy Rd. Farms, LLC)*, Nos. 22-40446, 25-7001, 2025 Bankr. LEXIS 2721, at *8 (Bankr. D. Kan. Oct. 22, 2025).

Defendant argues that the allegations in the Amended Complaint do not satisfy the standards set forth in bankruptcy cases within the Tenth Circuit. Defendant relies on cases in which courts found reasonable due diligence based on pre-filing demand letters, interviews, discovery, or review of books and records. *See Weinman v. Garton* (*In re Matt Garton & Assocs., LLC*), Nos. 19-18917 TBM, 21-1215 TBM, 2022 Bankr. LEXIS 633, at *31–33 (Bankr. D. Colo. Feb. 14, 2022); *Rebein v. Tempel Grain Elevators, LLP* (*In re Sandy Rd. Farms, LLC*), No. 25-7002, 2025 Bankr. LEXIS 2720, at *9 (Bankr. D. Kan. Oct. 22, 2025). Plaintiffs respond that those cases involved chapter 7 trustees and that the circumstances here differ because Plaintiffs made the challenged transfer themselves.

The Court rejects Defendant's argument at this stage. The statutory phrase is "reasonable due diligence in the circumstances of the case." 11 U.S.C. § 547(b). The authorities cited by Defendant may identify sufficient forms of diligence for a trustee or other estate representative who was not personally involved in the transaction. They do not establish that a debtor-in-possession with first-hand knowledge must interview itself, send a demand letter, or conduct a formal document review before filing a preference complaint.

The Amended Complaint alleges more than a bare conclusion that diligence occurred. The Court does not rely on the legal conclusion that the pleaded facts "constitute reasonable due diligence." Instead, the Court considers the supporting factual allegations. The Amended Complaint alleges Plaintiffs were the personal guarantors whose guaranty obligations were triggered by RHW CC's default; the Plaintiffs were 50% owners of RHW CC, that they made the payment; that the payment came from funds belonging to them in a personal bank account; that the payment resolved an existing debt; and that Plaintiffs received no new value in exchange. Those allegations, accepted as true for purposes of this motion, plausibly support Plaintiffs' asserted first-hand knowledge of the circumstances surrounding the transfer.

The Amended Complaint further alleges facts directed to "known or reasonably knowable affirmative defenses under subsection (c)," including that there was no new value, no ordinary-course transfer, no security interest, no statutory lien, no domestic support obligation, and that the transfer amount exceeded the small-preference threshold. 11 U.S.C. § 547(b). The Court does not decide whether those allegations are true or whether any § 547(c) defense may later be established. The point for Rule 12(b)(6) purposes is narrower: the Amended Complaint alleges facts permitting a reasonable inference that, under the alleged circumstances of this debtor-in-possession case,

Plaintiffs' preference claim was based on adequate pre-suit knowledge and consideration of reasonably knowable defenses.

The Court need not decide, for purposes of this motion, whether the amended § 547(b) language is an element, a condition precedent, or another pre-suit limitation. In *Garton*, the court stated that "arguably, the new due diligence requirement is an element of a preference claim under Section 547." 2022 Bankr. LEXIS 633, at *31. Defendant's motion also cites Collier for the proposition that "it is unclear whether the 'reasonable due diligence' requirement is an element of the preference claim" and that "[i]t is possible that the due diligence is a condition precedent to filing the suit in the first place." Assuming without deciding that Defendant is correct that the statutory language must be plausibly pleaded, the Amended Complaint satisfies that burden. Whether those allegations are true and whether Plaintiffs' diligence was in fact reasonable may be tested through discovery. They are not properly resolved on the present Rule 12(b)(6) record.

Accordingly, the § 547(b) claim states a plausible claim for relief.

## II.      The Amended Complaint plausibly states a claim under § 550(a).

Section 550(a) provides, in relevant part:

"Except as otherwise provided in this section, to the extent that a transfer is avoided under section . . . 547 . . . of this title, the trustee may recover, for the benefit of the estate, the property transferred, or . . . the value of such property, from—

(1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or

(2) any immediate or mediate transferee of such initial transferee."

11 U.S.C. § 550(a). Thus, § 550(a) provides a remedy for an avoided transfer; it does not itself avoid the transfer.

Defendant does not separately challenge the § 550(a) claim except to argue that it fails if the § 547(b) claim fails. The Amended Complaint alleges Defendant was the initial transferee of the June 15, 2025 payment. It seeks recovery of the $100,781.76 value of that payment if the transfer is avoided under § 547(b).

Because the § 547(b) claim survives the Motion, and because the Amended Complaint alleges Defendant directly received the transfer, the § 550(a) claim also survives. No further transferee-chain pleading is required against an alleged initial transferee.

## III.     Defendant is not entitled to a more definite statement.

Defendant alternatively requests a more definite statement under Fed.R.Civ.P. 12(e), made applicable by Fed.R.Bankr.P. 7012. Rule 12(e) permits a party to move for

8

a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

Rule 12(e) relief is not warranted. The Amended Complaint identifies the challenged transfer by date, amount, transferee, source of funds, debt, petition date, and statutory theory. Defendant can reasonably frame a response.

### Conclusion and Order

The Amended Complaint states plausible claims under 11 U.S.C. §§ 547(b) and 550(a). Defendant has not shown that the Amended Complaint's allegations concerning known or reasonably knowable § 547(c) defenses are insufficient to state a claim under § 547(b), and Defendant has not established any § 547(c) defense on the face of the Amended Complaint. Defendant's alternative request for a more definite statement is also denied.

For the reasons stated above, it is ORDERED:

1.      Defendant 255 St. Paul Owner LLC's Second Motion to Dismiss, filed February 26, 2026 (Doc. 21) is DENIED.

2.      Defendant's alternative request for a more definite statement under Fed.R.Civ.P. 12(e), made applicable by Fed.R.Bankr.P. 7012, is DENIED.

3.      Nothing in this Order precludes Defendant from asserting any available affirmative defense, including any defense under 11 U.S.C. § 547(c), in a responsive pleading or at later stages of this adversary proceeding.

4.      Defendant shall file a responsive pleading to the Amended Complaint on or before May 28, 2026.


Dated this 14th day of May, 2026.

BY THE COURT:

_____

The Hon. Joseph G. Rosania, Jr.
United States Bankruptcy Judge